IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JAMES WARD, | : | 1:10-CV-1819 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| WARDEN R. MARTINEZ, | : | |
| | : | |
| Respondent. | : | |

### MEMORANDUM

### October 27, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc.4), filed on October 6, 2010, which recommends that this action be transferred to the United States District Court for the District of New Jersey. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

**I.   STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by October 25, 2010.

1

before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

Petitioner David James Ward, an inmate at the United States Penitentiary at Allenwood filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner, who was convicted and sentenced in the United States District Court for the District of New Jersey, alleges that the sentencing court unlawfully delegated its duty for collection of funds for payment of the fine imposed in his case to the Bureau of Prisons.

Magistrate Judge Mannion notes that this court has recently found that the question of whether the sentencing court properly delegated the conditions of restitution to the Bureau of Prisons is, in light of the Third Circuit's decision in <u>United States v. Corely</u>, 500 F. 3d 2010 (3d Cir. 2007), one best addressed by the sentencing court itself.  <u>Balter v. Martinez,</u> 2010 WL 2853667, *2 (M.D. Pa.)(Munley, J.).  Thus, Magistrate Judge Mannion recommends that this action be transferred to the District of New Jersey.

As we have already mentioned, neither Respondent nor Petitioner have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.  An appropriate Order shall issue.